# In the United States Court of Federal Claims

No. 19-347C
(Filed March 12, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
BAHIG F. BISHAY,                 *
                                 *
              Plaintiff,         *
                                 *
    v.                           *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

On March 4, 2019, Bahig F. Bishay filed a complaint in this court pro se. In that complaint, Mr. Bishay alleges that the United States Attorney for the District of Massachusetts, a United States District Court Judge for that district, and the Federal Bureau of Investigation (FBI) have failed to properly discharge their duties to investigate and prosecute crimes committed in connection with a Massachusetts state court proceeding. Compl. ¶¶ 1, 5–17. That state proceeding concerned a receivership of a company with 3.7 million dollars in cash and assets that allegedly belonged to the plaintiff. Compl. ¶ 1. Plaintiff contends that he provided the FBI, and later the U.S. Attorney's office, with evidence of violations of the following federal criminal laws: 18 U.S.C. § 1961-1968 (Racketeer Influenced and Corrupt Organizations Act); 18 U.S.C. § 63 (mail fraud); 18 U.S.C. § 152 (bankruptcy fraud); 18 U.S.C. § 3284 (concealment of assets in bankruptcy); 18 U.S.C. § 4 (concealment of a felony); 18 U.S.C. § 1509 (obstruction of court orders).[1] Compl. ¶¶ 1, 5–17. Plaintiff seeks a declaration that the FBI and U.S. Attorney are required to investigate the crimes alleged, an injunction requiring them to so investigate, and in the event of a failure to do so, an award of money damages in the amount of 3.7 million dollars, reflecting the assets lost by plaintiff. Compl. at 5.

---

[1] Plaintiff also alludes to the violation of certain provisions of law, such as the automatic stay provision, 11 U.S.C. § 362, and the powers made available to the district court judge under the All Writs Act, 28 U.S.C. § 1651(a). See Compl. ¶ 9.

7018 0040 0001 1393 1235

As is often the case when individuals represent themselves in our court, Mr. Bishay fails to correctly understand our jurisdictional remit. We have been given the power to adjudicate cases involving violations of a particular category of federal laws or constitutional provisions --- namely, those that mandate the payment of money by the federal government. *See* 28 U.S.C. § 1491(a)(1); *United States v. Testan*, 424 U.S. 392, 398 (1976); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating."). This court is generally not provided any jurisdiction over matters concerning criminal statutes. *See Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2016). Congress has expressly withheld from our jurisdiction claims "sounding in tort," 28 U.S.C. § 1491(a)(1), including negligence. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

Mister Bishay's complaint clearly fails to involve claims within our jurisdiction. He asserts that various federal officials have failed to investigate claims of criminal conduct. But neither the violation of federal criminal law, nor the failure to investigate violations of the same, involves the violation of a money-mandating provision of constitutional, statutory, or regulatory law. Plaintiff has failed to identify any money-mandating law that was allegedly violated by a federal official, and the failure to investigate criminal allegations involves negligence --- a tort that we are not empowered to entertain. *See Pollack v. United States*, No. 11-19 C, 2011 WL 5330313, at *3, 5 (Fed. Cl. Nov. 7, 2011), *aff'd*, 498 F. App'x 19 (Fed. Cir. 2012).

Additionally, to the extent that plaintiff is challenging the conduct of the state court, that claim also falls outside our jurisdiction. First, as already stated, violations of criminal law are not within our subject-matter jurisdiction. *See Stanwyck*, 127 Fed. Cl. at 314. Second, this court does not have jurisdiction over claims against states or their agents, *see Souders v. S. Carolina Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007), and (with rare exceptions) the United States is not vicariously liable for state activities. *See Fiebelkorn v. United States*, 76 Fed. Cl. 438, 440–41 (2007). Under the rules of our court, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rules of the United States Court of Federal Claims (RCFC) 12(h)(3). Thus, under RCFC 12(h)(3), this case is **DISMISSED**.[2] The Clerk shall close the case.

---

[2] Though incomplete --- as it does not contain all required financial information --- in light of plaintiff's limited assets and the minimal amount of court resources consumed by this matter, plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

7018 0040 0001 1393 1235

IT IS SO ORDERED.

_____
VICTOR J. WOLSKI
Senior Judge