# In the United States Court of Federal Claims

No. 19-347C
(Filed April 5, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
BAHIG F. BISHAY,                 *
                                 *
              Plaintiff,         *
                                 *
    v.                           *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

On March 12, 2019, the Court *sua sponte* dismissed plaintiff's complaint, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC), as the complaint clearly concerned claims outside our subject-matter jurisdiction. *See* Order (March 12, 2019). On April 1, 2019, plaintiff filed a motion for reconsideration pursuant to RCFC 59(a)(1). Pl.'s Mot. for Clarification and Recons., ECF No. 8 (Pl.'s Mot.). Pursuant to that rule a motion for reconsideration may be granted:

(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; [or]

(B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court . . . .

RCFC 59(a)(1). To prevail under this rule, the movant must "show that: (a) an intervening change in controlling law has occurred; (b) evidence not previously available has become available; or (c) that the motion is necessary to prevent manifest injustice." *Prati v. United States*, 82 Fed. Cl. 373, 376 (2008) (citing *Bishop v. United States*, 26 Cl.Ct. 281, 286 (1992)).

Plaintiff fails to meet this standard, as his confusion regarding the scope of our jurisdiction remains. As the Court explained in its previous order, claims

regarding crimes or tortious actions by federal or state officials are not within our jurisdiction, and we are generally limited to hearing claims for money brought under federal laws that specifically provide for the payment of money. *See* Order (March 12, 2019) at 1–2. Plaintiff asserts that the Court erred in dismissing his complaint, arguing that this court has jurisdiction to grant injunctive relief pursuant to 28 U.S.C. §§ 1491–1509. Pl.'s Mot. at 1–2. He further contends that should federal officials ignore or violate an injunction issued by this court, this or another federal court could award him money damages. *Id.* at 2.

To be sure, in narrowly-defined circumstances, our court has been empowered to provide equitable relief. Within the range of provisions cited by plaintiff, this includes declaratory relief in matters brought pursuant to the Contract Disputes Act, *see* 28 U.S.C. § 1491(a)(2), and to determine whether organizations are tax-exempt, *see* 28 U.S.C. § 1507. Clearly, Mr. Bishay does not present such a case. He focuses his argument on our court's equitable powers under 28 U.S.C. § 1491(b)(2). *Id.* at 3–4. But that provision is restricted to challenges to federal procurement decisions, *see* 28 U.S.C. § 1491(b)(1)–(2), and plaintiff has not brought anything even remotely resembling a bid protest. Mister Bishay's argument concerning injunctive relief and money damages has things backwards concerning the jurisdiction of our court. In limited circumstances, when there has been a proven violation of a money-mandating federal law, we can provide incidental and collateral equitable relief. *See James v. Caldera*, 159 F.3d 573, 580–81 (Fed. Cir. 1998) (interpreting 28 U.S.C. § 1491(a)(2)). Plaintiff is instead trying to tie money damages to a violation which allegedly warrants injunctive relief. But because he has not identified a non-tortious, non-criminal violation, by federal officials, of a federal law that mandates the payment of money damages, he has not alleged anything within the scope of our court's jurisdiction. *See* Order (March 12, 2019). Therefore, plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

/s/ Victor J. Wolski
VICTOR J. WOLSKI
Senior Judge